IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERNEST CATCHINGS, 23271076,

    Petitioner,

    vs.                                 CIVIL NO. 14-cv-123-DRH

WARDEN – U.S.P. MARION,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, who is currently incarcerated in the United States Penitentiary at Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence (Doc. 1). This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Procedural History

    A federal grand jury sitting in the United States District Court for the Western District of Tennessee returned an indictment on September 23, 2009, charging petitioner with using unauthorized access devices with the intent to

defraud, in violation of 18 U.S.C. § 1029(a)(2), (b)(1) (Doc. 1, p. 10). *See United States v. Catchings*, No. 09-cr-20376 (W.D. Tenn. 2009) (Doc. 2). A superseding indictment was filed on November 4, 2010, adding a charge of identity theft, in violation of 18 U.S.C. § 1028(a)(7). *Id.* (Doc. 42). Petitioner pleaded guilty to identity theft on November 15, 2010. *Id.* (Doc. 50). He was sentenced on September 29, 2011, to 51 months imprisonment followed by 3 years of supervised release. *Id.* (Doc. 92). He was also ordered to pay restitution in the amount of $77,271.70. *Id.*

While he was still a pretrial detainee, petitioner filed two habeas actions to challenge his ongoing criminal prosecution. *See Catchings v. United States*, No. 11-2535 (W.D. Tenn. 2011); *Catchings v. United States*, No. 11-1241 (W.D. Tenn. 2011). Both actions were dismissed as premature. *Catchings v. United States*, No. 11-2535 (W.D. Tenn. 2011) (Doc. 6); *Catchings v. United States*, No. 11-1241 (W.D. Tenn. 2011) (Doc. 9).

Following sentencing, petitioner filed four direct appeals. *United States v. Catchings*, No. 11-6301 (6th Cir. 2011);[1] *United States v. Catchings*, No. 11-6303 (6th Cir. 2011);[2] *United States v. Catchings*, No. 11-6305 (6th Cir. 2011);[3] *United States v. Catchings*, No. 13-5682 (6th Cir. 2013). Relevant to this action, petitioner argued in his third appeal that the district court erred in calculating his

---

[1] The first was dismissed for failure to prosecute the appeal. *United States v. Catchings*, No. 11-6301 (6th Cir. 2011) (dismissed November 28, 2011).
[2] In the second appeal, petitioner argued unsuccessfully that the district court erred in denying his motion to withdraw his guilty plea because it was not knowing or voluntary. *United States v. Catchings*, 708 F.3d 710 (6th Cir. 2013).
[3] The second and third appeals were consolidated. *See United States v. Catchings*, 708 F.3d 710 (6th Cir. 2013).

Guidelines sentence range under U.S.S.G. § 2B1.1(b)(1). *United States v. Catchings*, 708 F.3d 710 (6th Cir. 2013). In a decision issued on January 15, 2013, the Sixth Circuit agreed, vacated petitioner's sentence, and remanded the case to the district court for resentencing. *Id.*

On April 18, 2013, the district court re-imposed the same sentence, by agreement of the parties, after petitioner waived his right to appeal. *United States v. Catchings*, No. 09-cr-20376 (W.D. Tenn. 2009) (Doc. 141). Despite this waiver, petitioner filed his fourth appeal to challenge his resentencing on April 29, 2013. *Id.* (Doc. 143); *United States v. Catchings*, No. 13-5682 (6th Cir. 2013). The fourth appeal is currently pending.

## Habeas Petition

In the instant petition, petitioner challenges the computation of his remaining term of incarceration (Doc. 1). First, petitioner claims that his sentence was improperly calculated under 18 U.S.C. § 3585(b) ("**Ground 1**") (Doc. 1, pp. 6, 12). Second, petitioner argues that he is eligible for a downward adjustment to his sentence under U.S.S.G. § 5G1.3(b), based on an undischarged term of imprisonment ("**Ground 2**") (Doc. 1, p. 7). Third, petitioner claims that he should be given credit against his federal sentence for time spent in the custody of the United States Marshals at the Correctional Corporation of America ("**Ground 3**") (Doc. 1, p. 7). Along with the petition, petitioner submitted voluminous exhibits, which include documentation of his efforts to exhaust his administrative remedies within the Federal Bureau of Prisons prior to filing this

action.

## Discussion

A petition filed pursuant to 28 U.S.C. § 2241 by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Grounds 1 and 3 clearly pertain to the execution of petitioner's sentence. Accordingly, Petitioner may proceed with Grounds 1 and 3 in this habeas action.

However, Ground 2 shall be dismissed. Petitioner's demand for a downward adjustment to his sentence under the Guidelines relates to the imposition of his sentence by the sentencing court, not the execution of his sentence by the Federal Bureau of Prisons. Therefore, this challenge is not appropriately raised in a § 2241 petition. Rather, petition should have addressed this matter before the sentencing court and in a direct appeal. He did, in fact, challenge his sentence on direct appeal. *United States v. Catchings*, No. 11-6305 (6th Cir. 2011). As a result, the Sixth Circuit remanded his case to the district court for resentencing. *United States v. Catchings*, 708 F.3d 710 (6th Cir. 2013). Rather than raising this specific argument on appeal or during resentencing, petitioner made the decision to request re-imposition of the same sentence, after waiving his right to appeal. *United States v. Catchings*, No. 09-cr-20376 (W.D. Tenn. 2009) (Doc. 141). Petitioner cannot challenge the misapplication of the Guidelines in this habeas action.

Without commenting on the merits of petitioner's claims, the Court concludes that **Grounds 1** and **3** of the petition survive preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts. **Ground 2** provides no basis for relief and shall be dismissed with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that **GROUND 2** of the Petition is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Respondent U.S.P. – Marion's Warden shall answer or otherwise plead on or before March 31, 2014.[4] This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present, including any argument with regard to petitioner's failure to exhaust his administrative remedies within the Federal Bureau of Prisons prior to filing this action. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for disposition and for further pre-trial proceedings.

---

[4] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and respondent) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   February 27, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.02.27
15:10:16 -06'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**